UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

:

FEDERAL DEPOSIT INSURANCE          :
CORPORATION, *as Receiver for AmTrust*  :
*Bank*,                             :

:                          CASE NO. 15-CV-2484

Plaintiff,          :

:

vs.                 :                          OPINION & ORDER

:                          [Resolving Doc. 8]

APEX HOME LOANS, INC., *Successor by*  :
*merger to Nationwide Home Mortgage, Inc.*,  :

:

Defendant.          :

:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Federal Deposit Insurance Corporation ("FDIC") brings breach of contract

claims against Defendant Apex Home Loans, Inc. ("Apex").[1] The claims come from alleged

misrepresentations Apex made regarding the financial strength of several mortgagors. Defendant

moves to transfer this case to Maryland under 28 U.S.C. § 1404(a).[2] For the following reasons,

this Court **DENIES** Defendant's motion to transfer.

## I. Background

On March 26, 2000, the parties entered into a Master Correspondent Loan Purchase

Agreement (the "2000 Agreement"). The 2000 Agreement has a Cleveland, Ohio forum selection

clause[3] and an Ohio choice of law clause.[4]

---

[1] Doc. 1.

[2] Doc. 8. Plaintiff opposes. Doc. 13. Defendant replies. Doc. 14.

[3] "The parties hereby consent and submit themselves to the jurisdiction and venue in any State or Federal court located in the City of Cleveland, Ohio for purposes of any legal or equitable proceeding arising from, out of or in connection with this Agreement or any transaction contemplated hereby . . . ." Doc. 8-2 at 13.

[4] *Id.* at 14.

Case No. 15-cv-2484
Gwin, J.

On March 2, 2007, the parties entered into another Master Correspondent Loan Purchase Agreement (the "2007 Agreement"). The 2007 Agreement has additional forum selection clause language[5] and an identical choice of law provision to the 2000 Agreement.[6]

On December 4, 2009, the U.S. Department of the Treasury, Office of Thrift Supervision, closed AmTrust and appointed Plaintiff FDIC as AmTrust's receiver. Plaintiff adopted all of AmTrust's potential claims.

On December 2, 2015, Plaintiff FDIC sued Defendant Apex. Plaintiff alleges two breaches of the 2000 Agreement covering four loans and five breaches of the 2007 Agreement covering five loans. The nine defaulted loans were secured by seven different properties: four in Maryland, one in Virginia, one in Georgia, and one in Florida.

On March 29, 2016, Defendant Apex moved to transfer venue to Maryland. Plaintiff FDIC opposes the requested transfer.

## II. Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Sixth Circuit typically requires "a district court [to] consider the private interests of the parties, including their convenience and the convenience of

---

[5] "The parties hereby consent and submit themselves to the jurisdiction and venue in any State or Federal court located in the City of Cleveland, Ohio for purposes of any legal or equitable proceeding arising from, out of or in connection with this [2007] Agreement or any transaction contemplated hereby . . . . Correspondent [Apex] may commence an action related to or arising from the Agreement or Seller's Guide in a location other than Cleveland, Ohio, only upon the written consent of [AmTrust] to do so, and without such consent [Apex] agrees that any such action should immediately be dismissed by the court in which it is filed." Doc. 13-1 at 11. This language is identical to the language this Court interpreted in *FDIC v. Primelending*, Case No. 15-cv-2480, 2016 WL 1252652 (N.D. Ohio March 31, 2016).
[6] Doc. 13-1 at 11.

Case No. 15-cv-2484
Gwin, J.

potential witnesses, as well as other public-interest concerns, such as systemic integrity and

fairness, which come under the rubric of 'interests of justice.'"[7]

> However, the Supreme Court in *Atlantic Marine* instructed district courts that:

> The calculus changes . . . when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum . . . . [A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases . . . . When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum . . . . As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.[8]

> The *Atlantic Marine* Court applied this principle to cases where the movant sought to

transfer the case *into* the contract's preselected forum. The principle applies more strongly in

cases, like this one, where the movant seeks to transfer the case *out of* the contract's preselected

forum.[9]

### III. Discussion

> Just as in *Primelending*, Defendant Apex agreed to the terms of the 2000 and 2007

Agreements. The 2000 and 2007 Agreements have valid forum selection clauses that should be

given controlling weight.[10] The 2000 and 2007 Agreements' forum selection clauses say that

both parties agree to submit themselves to try any case arising out of the contract in any state or

---

[7] *Siegfried v. Takeda Pharm. N. Am., Inc.*, 2011 WL 1430333, at *2 (N.D. Ohio Apr. 14, 2011) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).
[8] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, __ U.S. __, __, 134 S. Ct. 568, 581 (2013) (internal citations and quotation marks omitted).
[9] 15 Wright & Miller Fed. Prac. & Proc. Juris. § 3854.1, n.12 (4th ed.) (collecting citations).
[10] Defendant does not allege fraud, duress or any other reason to invalidate the forum selection clause.

-3-

Case No. 15-cv-2484
Gwin, J.

federal court in Cleveland. The 2007 Agreement also requires written authorization from

Defendant before Plaintiff can bring suit elsewhere.[11]

Plaintiff brought suit in the Northern District of Ohio, Eastern Division, Cleveland

Courthouse. Plaintiff complied with the forum selection clause. Defendant may not now object to

the forum it agreed to in the 2007 Loan Purchase Agreement on the basis of private

convenience.[12]

The 2000 and 2007 Agreements have Ohio choice of law provisions. Ohio courts are

typically more familiar with applying Ohio law than courts in other districts. This public-interest

factor weighs in favor of denying Defendant's motion to transfer.

The remainder of Defendant's arguments in favor of its motion to transfer concern its

private interests in convenience. For example, Defendant says that trying the case in Maryland

will be more convenient for it and its witnesses. Defendant waived these arguments by agreeing

to valid forum selection clauses in the 2000 and 2007 Agreements. This Court does not consider

these arguments. Also, the FDIC makes claims involving properties in Maryland, Virginia,

Georgia and Florida. Defendant makes no showing that Maryland would be significantly more

convenient for the claims outside of Maryland and Virginia.

Defendant does not meet its burden showing that transferring this case is appropriate

under § 1404(a).

---

[11] Defendant says that the 2000 Agreement has less mandatory forum selection language. Even assuming that the 2000 Agreement's language is sufficiently permissive to permit private interest balancing, it does not make sense to transfer only those claims arising under the 2000 agreement. The private and public interests are best served by adjudicating claims under the 2000 and 2007 Agreements together.
[12] *See Primelending,* Case No. 15-cv-2480, n.10.

Case No. 15-cv-2484
Gwin, J.

### IV. Conclusion

For the reasons above, this Court **DENIES** Defendant's motion to transfer.


IT IS SO ORDERED.


Dated:  May 13, 2016                                      _s/         James S. Gwin_
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE